## DiPaolo v. MacDonald

*Thomas W. Harrity*, for plaintiff.

*Jordan Koko*, for defendant State Farm Mutual Automobile Insurance Company.

*Lee H. Rosenau*, for defendants Stewart L. McDonald and John R. McDonald.

ROBINSON, *J.*, April 30, 2013—

## FACTUAL AND PROCEDURAL HISTORY

On July 2, 2009, plaintiff, Ronald DiPaolo, was driving his 1979 Chevrolet pickup truck on Baltimore Pike in Springfield, Pennsylvania, when he was struck in the rear by defendant John McDonald. DiPaolo sustained back and neck injuries from this accident, including disc bulges and disc herniations.

On October 9, 2009, DiPaolo was driving a 1986 GMC pickup truck near the intersection of Springfield Road and Aldan Avenue in Aldan, Pennsylvania; immediately after he made a right-hand turn onto Springfield Road, he was struck in the rear by defendant Abuline Jaidah. This accident caused further back and neck injuries to DiPaolo and aggravated previous injuries.

Following a consolidated trial, the jury awarded plaintiff $130,416.00 for the Jaidah case and $87,624.00 for the McDonald case. This court denied defendants' post-trial motions with respect to both cases. This appeal followed.

## DISCUSSION

Motion in Limine

Defendants' first claim of error on appeal is that this court erred in agreeing to hear plaintiff's motion in limine, which was filed the day before trial.

The facts forming the basis of the motion had to do with a lawsuit filed by a group of chiropractors against State Farm Insurance Company in which it was alleged that State Farm engaged in practices designed to lessen money paid on certain patients' claims. State Farm filed a counterclaim alleging violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, and naming Dr. Ray Wisdo as a party. Dr. Wisdo was a treating doctor of the plaintiff.

Plaintiff's counsel explained that he became aware of the facts that formed the basis for his motion on the Saturday prior to the beginning of trial. He filed the motion and provided it to defense counsel the next day. Defense counsel's objection to the motion has always been simply that it was filed out of the time limits imposed by the case management order. Defense counsel has never suggested that plaintiff could or should have discovered this issue earlier.

It has always been understood by courts "that procedural rules are not ends in themselves, and that the rigid application of [the] rules does not always serve the interests of fairness and justice." *Womer v. Hilliker*, 908 A.2d 269, 276 (2006). This understanding is reflected in the Rules of Civil Procedure, which provide that a court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

It is clear from the record that defendants suffered no prejudice at all as a result of this court agreeing to hear plaintiff's motion. The record reflects that defense counsel

*agreed* that it would be inappropriate to question Dr. Wisdo about the issues outlined in the motion. Defense counsel did argue that he should be permitted to question all of the doctors about their practices; this court agreed and ruled simply that "pending lawsuits involving plaintiff's witnesses will not be mentioned during the questioning. And the matter of insurance coverage or pending lawsuits against the insurance carrier will not be mentioned." N.T. 8/21/12 at 36.

This court also indicated that it would wait until trial to rule upon questions regarding fraudulent billing practices. *Id.* at 37. Defendants do not assert in their 1925(b) statement, nor have they ever argued, that this court precluded any evidence relating to this issue during the questioning of Dr. Wisdo. For that reason, defendants are not entitled to relief on this theory.

Future Medical Expenses

Defendants' second claim of error on appeal appears to contain three allegation of related error. Defendants' claims are: first, that Dr. Ray Wisdo should have been prohibited from testifying about future medical expenses; second, that future medical expenses should not have been included on the verdict sheet; and third, that the claims "inflated any pain and suffering awards to the plaintiff."

There was some confusion as to the issue of future medical expenses as they related to a statutory rule against double recovery in some instances where insurance covered expenses; this court clarified its ruling during the jury charging conference by telling counsel that "you

may argue [future medical expenses], but I'm not going to give the charge." N.T. 8/24/12 at 140. This was the final clarification given by this court about the issue and at no point following this did this court tell counsel that it would be impermissible to present argument about future medical expenses.

As for defendants' claim that the issue of whether future medical expenses should have been reflected on the verdict sheet, that claim is waived because defendants did not lodge an objection to this during the conference where the verdict sheet was discussed.

When presented with a draft of the verdict sheet, defense counsel did object to the format in that it contained several lines for past and future economic and noneconomic damages instead of one line for the jury to award a lump sum. Counsel made no objection relating to the inclusion of future medical expenses, and in fact noted during the conference that "none of these items are ignored. They are all covered and the jury can decide to award whatever they see fit. They don't have to break it down to how much for humiliation." N.T. 8/24/12 at 152-153. This objection came mere seconds after plaintiff's counsel reminded this court that future medical expenses were part of the case. *Id.* at 153.

Defendants' third argument, that the testimony about and/or inclusion on the verdict sheet of future medical expenses "inflated any pain and suffering awards to the plaintiff', is both unsupported by the record and not preserved at any level, and defendants are not entitled to relief on the basis of this argument.

UIM Benefits

Defendants' next claim on appeal is that this court erred in refusing to mold the verdict as it related to defendant Jaidah to reflect DiPaolo's receipt of underinsured motorist benefits stemming from that accident.

Although defendants have never cited any legal authority in support of the argument that DiPaolo's receipt of UIM benefits and a jury award would amount to prohibited double recovery, this court presumes that defendants rely on 75 Pa.C.S. § 1722, which states:

Preclusion of recovering required benefits

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation or other arrangement for payment of benefits as defined in section 1719.

The Pennsylvania Superior Court examined § 1722 in a nearly identical case to the instant one and concluded that UIM benefits do not appear in the list of "first-party benefits" in subchapter B (the "subchapter" referenced above) and therefore are not subject to the rule against double recovery despite the fact that they are occasionally

and colloquially referred to as "first-party benefits." *Smith v. Rohrbaugh*, 54 A.3d 893 (Pa. Super. 2012). In the absence of any other case or law that would authorize this court to mold the verdict as requested by defendants, this court properly refused to do so and defendants are not entitled to relief.

Sequestered Witness/Trial Conduct

Defendants' next issue surrounds the fact that Tracy DiPaulo, the plaintiff's wife, testified on cross-examination that despite being sequestered, she spoke to her husband during breaks and at night. She testified that her interactions with DiPaolo were limited to greeting each other in the hallway and discussions about how he was feeling. Tracy DiPaolo did not speak with her husband about his testimony. N.T. 8/24/12 at 31. She also did not speak to plaintiff's counsel at all during trial.

Whether or not these a short conversation between a husband and wife, unrelated to the testimony either gave, could possibly amount to reversible error, defendants have waived this issue because defense counsel took no action following his examination of Tracy DiPaolo. He did not move for a mistrial, make a record of his objection, or do anything else that would have given this court an opportunity to cure whatever error he now alleges occurred.

Defendants' fourth claim of error also includes vague assertions relating to "misconduct" of plaintiff's counsel. Pa.R.A.P. 1925 requires that:

(ii) The Statement shall concisely identify each ruling

or error that the appellant intends to challenge *with sufficient detail to identify all pertinent issues for the judge.* The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

P.A.R.A.P. 1925(b)(4)(ii). When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. *Commonwealth v. Butler,* 756 A.2d 55, (Pa. Super. 2000). A vague 1925(b) Statement hampers appellate review and renders the issue claimed on appeal waived. *Commonwealth v. Dowling,* 778 A.2d 683, (Pa. Super. 2001).

Here, this court notes that there were numerous instances where this court found it necessary to bring both attorneys to sidebar to discuss their conduct during trial. Defense counsel does not identify any specific incident or incidents that might form the basis for an argument of reversible error; for this reason, this court can not guess what "misconduct and obstruction" on the part of plaintiff's counsel is the basis for this issue on appeal.

Jury Verdict

Defendants' final claim on appeal is that although this court's order denying post-trial motions inadvertently only included the amount of the jury verdict as it related to defendant McDonald, plaintiff's counsel was "permitted" to enter judgment on the entire amount of the jury verdict[1].

---

1. Although defendants assert that this court limited the "combined" verdict to $88,144.34, the word "combined" does not appear anywhere on the order and it would be ridiculous to conclude that in *denying* defendants' post-trial motions, this court also reduced the verdict by

470

Defense counsel also took no action at the lower court level that would have preserved this issue for appeal. The post-trial motions were denied on December 4, 2012. Counsel filed a praecipe to enter judgment two days later, on December 6, 2012. This gave defense counsel nearly a month during which he could have raised this issue with this court and still filed a timely appeal. Rather than raising this issue with the court, counsel filed a Notice of appeal on December 14, 2012.

Because defendants did not raise this issue at the lower court level, it is waived. A 1925(b) statement can never be used to raise a claim in the first instance. Pa. R.A.P. 302. Because the 1925(b) statement is the first place where counsel identifies this argument, it is waived.

## CONCLUSION

For the above reasons, it is respectfully requested that this court's denial of defendants' post-trial motions be affirmed.